UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|                      |   |                                                    |
|----------------------|---|----------------------------------------------------|
|                      | ) | CHAPTER 7                                          |
|                      | ) |                                                    |
| IN RE:               | ) | CASE NO. 07-60483                                  |
|                      | ) |                                                    |
| BARBARA A. BENSON,   | ) |                                                    |
|                      | ) | JUDGE RUSS KENDIG                                  |
| Debtor.              | ) |                                                    |
|                      | ) | **MEMORANDUM OF OPINION**                          |
|                      | ) | **(NOT INTENDED FOR**                              |
|                      | ) | **PUBLICATION)**                                   |

This matter is before the court upon Debtor's Application for Waiver of the Chapter 7 Filing Fee (hereinafter "Application") filed on February 27, 2007. On March 5, 2007, the court entered an order requesting Debtor file additional documentation to allow the court to fully assess her current financial condition. Debtor filed additional documents on March 22, 2007.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

Following passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, debtors are permitted to seek a waiver of the bankruptcy filing fee. Pursuant to 28 U.S.C. section 1930(f), a "bankruptcy court may waive the filing fee…if the court determines that such individual has less than 150 percent of the income official poverty line…applicable to a family of the size involved and is unable to pay that fee in installments." By the terms of the statute, a court's ability to waive the fee is permissive, not mandatory ("may waive"), and waiver must be premised upon a finding that a debtor meets the income and inability to pay in installments criteria.

The court will first determine whether Debtor's income is 150 percent of the poverty level. On Schedule I and the Application, Debtor indicates that her family size is one. According to the Department of Health and Human Services 2007 Poverty Level Guidelines, available at http://aspe.hhs.gov/poverty/07fedreg.htm., the poverty income for a family of one is $10,210.00. At 150 percent of poverty, the poverty income is $15,315.00 annually or $1,276.25 per month.

Form B22A (the "means test") indicates Debtor's Annualized Current Monthly Income is

1

$571.44. Schedule I contains the higher amount of $663.62 due to the inclusion of food stamp and social security income. Even if the court utilizes the number on Schedule I, Debtor's Annualized Current Monthly Income is only $7,963.44. Schedule I indicates that Debtor is retired. Her income includes $534.00 per month in social security and $82.00 per month in food stamps. Debtor also receives $47.62 per month in retirement/pension income. Debtor filed a sworn affidavit stating that she was not required to file a 2006 tax return because she had no wages to report. Debtor did file her 2005 tax return indicating her adjusted gross income was $1,937.00 and she received a small refund of $83.00. Clearly, these figures indicate that Debtor is below the 150% poverty threshold and therefore Debtor has met the first prong of the test.

Upon review of Debtor's Schedule J, the court concludes that Debtor is not able to pay the filing fee in installments. Debtor's budget does not contain itemizations for a cell phone and her monthly recreation expense is zero. Each of Debtor's expenses is reasonable, if not low. Debtor has demonstrated an inability to pay the filing fee in installments and has met the second prong of the analysis.

Having found that Debtor earns less than 150% of poverty and does not have the ability to pay the filing fee in installments, the court hereby **GRANTS** Debtor's application to waive the filing fee.

An order in accordance with this decision shall be issued immediately.

/s/ Russ Kendig

**Judge Russ Kendig**  APR 2 - 2007
**U.S. Bankruptcy Judge**

## Service List

Barbara A. Benson
1216 Cleveland Street, S.W.
Massillon, OH  44647

Michael V. Demczyk
P.O. Box 867
12370 Cleveland Ave., N.W.
Uniontown, OH  44685

Wayne W. Sarna
Community Legal Aid Services, Inc.
11 Federal Plaza Central
Metropolitan Tower, 7th Floor
Youngstown, OH  44503